**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Dana Y. Bowles<br>Debtor | CHAPTER 13 |
| Nationstar Mortgage LLC d/b/a Mr. Cooper<br>Secured Creditor<br>vs. | NO. 19-17198 AMC |
| Dana Y. Bowles<br>Debtor | |
| William C. Miller, Esquire<br>Trustee | 11 U.S.C. Section 362 |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The Order entered on July 28, 2020 is hereby vacated, and the stay is reinstated as to Secured Creditor.

2. The post-petition arrearage on the mortgage held by the Secured Creditor on the Debtor's residence is **$7,966.92,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2020 through November 2020 at $1,557.16/month |
| Prior Stipulation Payments: | August 2020 through September 2020 at $1,209.94 |
| Suspense Balance: | ($1,131.60) |
| Fees & Costs Relating to Motion: | $450.00 |
| **Total Post-Petition Arrears** | **$7,966.92** |

3. The Debtor(s) shall cure said arrearages in the following manner;

a) Counsel for Movant has received funds in the amount of $8,000.00, which will be forwarded to Movant upon court approval of the stipulation.

b) Debtor shall pay the remaining balance of the December 1, 2020 payment, in the amount of $1,524.08 by December 15, 2020.

c) Beginning January 1, 2021, maintenance of current monthly mortgage payments to the Secured Creditor thereafter.

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Secured Creditor shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, the Secured Creditor shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting the Secured Creditor relief from the automatic stay.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, the Secured Creditor shall file a Certification of Default with the court and the court shall enter an order granting the Secured Creditor relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Secured Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: December 2, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Secured Creditor

Date: 12/7/20

Lawrence Rubin
Lawrence S. Rubin, Esquire
Attorney for Debtor

Date: *December 8, 2020*

*/s/ Jack Miller, Esquire, for**
William C. Miller, Esquire
Chapter 13 Trustee

**No objection to its terms, without prejudice to any of our rights and remedies*

Approved by the Court this ___ day of ___________________, 2020. However, the court retains discretion regarding entry of any further order.

**Date: December 9, 2020**

Bankruptcy Judge
Ashely M. Chan